UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| David Henault, | : | |
|     Petitioner, | : | |
| | : | |
| v. | : | File No. 1:09-CV-21 |
| | : | |
| Robert Hofmann, | : | |
| Commissioner, Vermont | : | |
| Department of Corrections, | : | |
|     Respondent. | : | |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 6)

Plaintiff David Henault, a Vermont inmate proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 claiming that his civil rights were violated when the Vermont Department of Corrections ("DOC") took away his home internet access. Henault was on furlough from prison at the time of the alleged violation. He claims that the DOC's action prevented him from practicing his religion, and seeks an injunction ordering the DOC to allow him home internet access. Henault is now back in prison, and is currently incarcerated out of state.

Pending before the Court is the defendant's motion to dismiss the plaintiff's claim pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The motion to dismiss is unopposed. For the reasons set forth below, I recommend that the Court GRANT the motion, and that the case be DISMISSED.

## Factual Background

For the limited purpose of ruling on the motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true.

In July 2008, the DOC released Henault from the Northern State Correction Facility in Newport, Vermont and furloughed him by way of a conditional reentry ("CR") agreement. One of the conditions in the CR was that Henault would be allowed access to the internet for e-mail and religious purposes, but would be prohibited from owning or possessing a computer that was capable of internet service.

Henault alleges that DOC Commissioner Robert Hofmann violated his civil rights when the Barre, Vermont Probation and Parole Office took away his home internet access. The complaint asserts that the DOC took away his access because of "adult pron [sic] sites." This deprivation, he claims, "take[s] away from" his ability to practice his religion because "it is [easier] to look it up at home so I can do it when I want to study my [religion.]" He also claims that the internet is his "only means to get my [religion.]"[1] (Paper 4-2 at 4-5).

---

[1] In a grievance form attached to the complaint, Henault explains that his religion is "Wicca." (Paper 4-2 at 8).

For relief, the complaint seeks an order requiring the DOC to allow Henault internet access in his home. The Court's docket indicates that Henault is currently incarcerated in Kentucky.

## Discussion

I. Motion To Dismiss Standard

Currently pending before the Court is the defendant's motion to dismiss. As previously noted, on a motion to dismiss the Court must "accept as true all of the factual allegations contained in the complaint," and must draw all inferences in the plaintiff's favor. Erickson v. Pardus, 551 U.S. 89, 2200 (2007); see also Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006). When considering a motion to dismiss, the Court may examine documents attached to the complaint as exhibits, as well as matters of which judicial notice may be taken. Brass v. American Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993).

To survive dismissal, a complaint must plead enough facts to be plausible on its face. Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. 550 U.S. at 570). Additionally, pleadings drafted by a *pro se* party should be liberally construed. Fernandez v. Chertoff, 471 F.3d 45, 51 (2d Cir. 2006).

II. Proper Defendant

The defendant first notes that Robert Hofmann is no longer the DOC's Commissioner, and that he should therefore be replaced as a party by current Commissioner Anthony Pallito. Under Fed. R. Civ. Pro. 25(d), an "action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending." In such an event, "the officer's successor is automatically substituted as a party, and courts regard current public officers to be a replacement for those who have ceased to hold office." Rowe v. Davis, 373 F. Supp. 2d 822, 828 (N.D. Ind. 2005); see also Hoo Loo v. Ridge, 2007 WL 813000, at *1 n.1 (E.D.N.Y. Mar. 14, 2007). Accordingly, Commissioner Andrew Pallito should be substituted as the defendant.

4

III. <u>Lack of Subject Matter Jurisdiction for Mootness</u>

   The defendant next argues that the Court lacks subject-matter jurisdiction on the basis of mootness. Specifically, the defendant contends that because Henault is no longer on furlough, and is instead incarcerated in Kentucky, the question of whether he should be allowed internet access in his home is moot.

   A case is moot if the issue presented fails to be an actual case or controversy under Article III of the Constitution. <u>See</u> <u>Port Wash. Teachers' Ass'n v. Bd. of Educ. of Port Wash. Union Free Sch. Dist.</u>, 478 F.3d 494 (2d Cir. 2007) (citing <u>Marchi v. Bd. of Coop. Educ. Servs. of Albany</u>, 173 F.3d 469, 478 (2d Cir. 1999)). For instance, when a prisoner seeks injunctive relief against a prison facility, his transfer to a different facility generally renders his claim moot. <u>See</u> <u>Prins v. Coughlin</u>, 76 F.3d 504, 506 (2d Cir. 1996); <u>Williams v. Goord</u>, 142 F. Supp. 2d 416, 420 n.3 (S.D.N.Y. 2001). Here, the conditions in Henault's CR agreement applied only while he was released on furlough. At the time Henault filed the present action, he had been re-incarcerated at the Northern State Correction Facility and is currently being held in a Kentucky facility.

There is an exception to the mootness doctrine for challenged actions that are "capable of repetition, yet evading review." Pugh v. Goord, 571 F. Supp. 2d 477, 488 (S.D.N.Y. 2008). This occurs when "there [i]s a reasonable expectation that the same complaining party would be subjected to the same action again." Id. However, when a case or controversy depends on a future event and the likelihood of the event's occurrence is small, the case remains moot because "a plaintiff must allege that he has been or will in fact be perceptibly harmed by the challenged . . . action, not that he can imagine circumstances in which he could be affected by the [challenged] action." Preiser v. Newkirk, 422 U.S. 395, 403 (1975) (quoting United States v. SCRAP, 412 U.S. 669, 688-689 (1973)).

Relevant to this case, an inmate fails to establish the requisite "case or controversy" when his fear of being transferred back to the site of original harm is remote and speculative. Preiser, 422 U.S. at 403. Henault has not offered any opinion as to whether he will be granted furlough in the future, and there is no suggestion in the complaint that such furlough would be under conditions identical to those complained about here. Therefore, the

Court should conclude that Henault does not have a "reasonable expectation" of the alleged harm being repeated, and that this is not the sort of "exceptional situation" that evades the general mootness principle. <u>Commer v. District Council 37</u>, 2003 WL 21692816, at *5 (S.D.N.Y. July 21, 2003) (citing <u>Spencer v. Kemna</u>, 523 U.S. 1, 17 (1998)). Henault's re-incarceration and subsequent prison transfer have rendered his claim moot, and the motion to dismiss should be GRANTED for lack of subject matter jurisdiction.

IV.  <u>Failure to State a Claim</u>

The defendant's final argument is that Henault waived his right to access the internet when he signed his conditions of release. Henault's signature on the form indicates that he knew he could not possess a computer with a modem. The conditions also make clear that the DOC was willing to allow him internet access outside of his home such that he could view e-mail and religious sites. Accordingly, even if the Court had subject matter jurisdiction over Henault's claim, the merits of his complaint are questionable.

Henault's claim that he was denied the ability to research his religion is contradicted by the provision

7

allowing him to view religious websites.  Nonetheless, the defendants argue that he waived a constitutional right, implying that by signing the conditions of release Henault waived a First Amendment right with respect to his religious practices.  (Paper 6 at 8) (citing Parsons v. Pond, 126 F. Supp. 2d 205, 220 (D. Conn. 2000)).  The Second Circuit has warned that "the waiver of or acquiescence in the loss of any fundamental right can neither be presumed nor may it be lightly inferred," and that "courts must indulge every reasonable presumption against waiver of fundamental constitutional rights."  Doe v. Marsh, 105 F.3d 106, 111 (2d Cir. 1997) (citations and internal quotation marks omitted).  Moreover, at least one circuit has held that the waiver of a constitutional right signed by a parolee in exchange for his freedom is unenforceable.  United States v. Crawford, 323 F.3d 700, 718-19 (9th Cir. 2003).

The Court need not reach the constitutional question here, since Henault's conditions clearly allowed him to continue his religious research and practices via the internet so long has he did not possess a computer with such capability.  To the extent that the issue is limited to Henault's right to internet access, his claim is without

merit.  Accordingly, even if Henault's allegations were not moot, the motion to dismiss should be GRANTED for failure to state a claim.

## Conclusion

For the reasons set forth above, I recommend that the defendant's unopposed motion to dismiss (Paper 6) be GRANTED, and that this case be DISMISSED.

Dated at Burlington, in the District of Vermont, this 18th day of June, 2009.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).